IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-724-GCM

| TARA Y. JONES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| CON-WAY FREIGHT, INC., | ) |  |
| Defendant. | ) |  |

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to Amend Complaint, [Doc. No. 15], Defendant's response, [Doc. No. 23], and Plaintiff's reply, [Doc. No. 30]. This matter is also before the Court on Plaintiff Motion to Compel [Doc. No. 24], Defendant's response, [Doc. No. 33], and Plaintiff's reply [Doc. No. 34], and on Plaintiff's Motion to Seal Documents [Doc. No. 31]. The matters are ripe for disposition. For the reasons stated herein, Plaintiff's Motion to Amend [Doc. No. 15] is GRANTED and the proposed amended Complaint will be allowed; Plaintiff's Motion to Compel, [Doc. No. 24] is GRANTED in part and DENIED in part; and Plaintiff's Motion to Seal Documents [Doc. No. 31] is GRANTED.

Plaintiff filed this action in state court on September 29, 2012 in Mecklenburg County Superior Court. Defendant removed the action to this Court on November 1, 2012. [Doc. No. 1]. According to her Complaint, Plaintiff was a driver for Con-way, who when selected for a random drug test on August 11, 2012, was unable to provide a urine specimen. A Medical Review Officer determined that that Plaintiff had "refused" the test and Plaintiff was terminated

1

on or about August 23, 2011. Plaintiff contends that she was unable to provide a urine sample because of shy bladder condition and argues that her termination was unlawful and retaliatory.

**Motion to Amend**

Plaintiff's original Complaint includes violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, and the North Carolina Wage and Hour Act, as well as claims of retaliation for making safety complaints, retaliation for workers' compensation injuries, wrongful discharge in violation of public policy and negligent infliction of emotional distress.

Plaintiff now seeks to add claims for defamation, negligence and retaliation based on disparate impact and include more specific allegations to her already existing claims. Defendant contends that it has already provided Plaintiff with production of approximately 500 pages of documents (in addition to approximately 700 pages provide with its Initial Disclosure) and that the discovery period closed on July 15 and the parties have concluded all scheduled depositions. Defendant opposes Plaintiff's Motion to Amend arguing that her negligence and defamation claims are futile and that her disparate impact claim is unduly prejudicial because it expands the scope of the Complaint.

Federal Rule of Civil Procedure 15 governs motions to amend. Pursuant to Rule 15(a)(2) a "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As the Fourth Circuit has explained "[w]e have interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing part, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v.*

*Harvey*, 438 F.3d 404, 426-427 (2006) (*citing Forman v. Davis*, 371 U.S. 178, 182 (1962). However, delay alone is insufficient for denial of a motion to amend. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

While the Court appreciates Defendant's frustration with Plaintiff's Amended Complaint as it now includes 281 paragraphs and is 50 pages long, the Court will Grant Plaintiff's Motion to Amend and will allow the Amended Complaint to be filed. While the discovery cutoff has now passed, it had not passed at the time the motion was filed and the Defendant has not established undue delay, prejudice or bad faith such that this Court would deny the motion. Furthermore, while the Defendant has argued futility with respect to some of the claims, "[l]eave to amend [] should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (*citing Davis*, 615 F.2d 603, 613 (4th Cir. 1980). Here, in an abundance of caution, the Court will allow the amendments and will consider appropriate dispositive motions consistent with the Court's scheduling Order. To the extent that Defendant needs additional time for discovery based on the Court's Order, Defendant should file a motion for extension of time. However, the Court would prefer to not extend the 1/13/2014 trial date unless absolutely necessary. The Court encourages the parties to work diligently with the trial date in mind.

**Motion to Compel**

Next, the Court has reviewed Plaintiff's Motion to Compel [Doc. No. 24]; Defendant's response [Doc. No. 33]; and Plaintiff's reply [Doc. No. 34]. The Court will grant Plaintiff's motion in part and deny it in part. The Court generally notes that the time frame set forth in many of Plaintiff's interrogatories and requests is overbroad in that Plaintiff's dates of

employment were February 2007 through August 2011. Plaintiff has not justified asking for documents and information going back 10 years to 2003 when Plaintiff was employed from 2007 to 2011. The Plaintiff has also in some instances asked for documents and/or information relating to the entire Southern Division which includes Texas, Louisiana, Tennessee, Arkansas, Mississippi, Alabama, Georgia, Florida, South Carolina, Virginia and North Carolina. Plaintiff has also sought discovery regarding Conway's Eastern Region which includes states generally east of the Mississippi River, including Alabama, Georgia, North Carolina, South Carolina, Florida, Virginia, Ohio, New York, New Jersey, Vermont, Maine, Pennsylvania and Maryland. [Doc. No. 33-1]. The Court finds this time frame and geographic scope too long and too broad. The Charlotte Service Center employs approximately 225 drivers and is one of Con-way's largest facilities and a major hub serving the Southeastern United States. Con-way has included, at a minimum, the Charlotte Service Center in its responses. The Court, without a very specific reason as to a specific interrogatory or a specific document request, will not Order Defendant to further supplement its responses as to time frame or geographic territory. Further, the Court finds that Defendant has responded as best it could to Plaintiff's very broad discovery requests. Based on the initial responses, the supplemental responses as well as any responses provided after the meet and confer and in its response to Plaintiff's Motion, the Court finds that Defendant has appropriately responded to most, if not all of the Plaintiff's interrogatories and requests for production. However, there were a few interrogatories and requests that the Court will direct a further response.

- Interrogatory No 11 – Defendant is directed to respond to this interrogatory by including some identifier that would allow Plaintiff to ascertain identity or to determine that these were Con-way drivers in these positions and at a facility.

4

- Interrogatory No. 17 -- Defendant is directed to supplement its response as it appears the response was limited to random drug test list. Plaintiff's request included each employee who tested positive or deemed a refusal to test.
- Interrogatory No. 21 – Defendant is directed to produce its projection sheets for 2007-2011.
- Request No 6 – Defendant is directed to respond to Plaintiff's request. Specifically, Plaintiff continues to seek information on Safe Stack and the HAZMAT spills. Defendant's 30(b)(6) witness indicated that such records could be provided. The Court directs that such documents now be provided to the Plaintiff.
- Request No. 9 – Defendant is to produce policies, practices and training information for the new stacking system implemented in 2011, known as safe stack.
- Request No. 11 – Defendant is directed to include the race, gender and testing site for the other driver identified in response to this request.
- Request No. 14 – To the extent that some writing, whether a list, email or report, exists that is specifically responsive to Plaintiff's request, Defendant is to produce such writing.
- Request No. 20 – Defendant is directed to inquire and produce emails, to the extent it has not already done so, that are responsive to this request.
- Request No. 25 – Defendant is directed to fully respond to this discovery request to the extent it has not already done so.
- Request No. 28 – Defendant is directed to produce a copy of the Criterion contact.

5

Where the Court has directed the Defendant to respond or produce documents, the Defendant shall do so within twenty (20) business days of the date of this Order or articulate to Plaintiff why 20 days is unreasonable and by what date Defendant can respond or produce the documents.

**Plaintiff's Motion to Seal**

Plaintiff asks that this Court seal Exhibits D, E, F, H and I attached to her Reply Memorandum in Support of Motion for Leave to Amend. [Doc. No. 30]. Plaintiff contends that such documents are covered by the Joint Protective Order signed by this Court on March 26, 2013. [Doc. No. 11]. Defendant has not filed a response to this motion and since the date to file a response has passed, the Court will construe Defendant's silence as agreement with the Motion. Therefore, Plaintiff's Motion to Seal Exhibits D, E, F, H and I attached to Plaintiff's Reply Memorandum in Support of Motion for Leave to Amend is GRANTED.

**NOW, THEREFORE, IT IS ORDERED** that:

(1) Plaintiff's Motion to Amend Complaint [Doc. No. 15] is GRANTED;

(2) Plaintiff's Proposed Amended Complaint (attached to Doc. No. 16 as Exhibit A) will be allowed;

(3) Defendant may file a response to Plaintiff's Amended Complaint as permitted by the Federal Rules of Civil Procedure;

(4) Plaintiff's Motion to Compel [Doc. No. 24] is GRANTED in part and DENIED in part as detailed in this Order.

(5) Plaintiff's Motion to Seal Documents [Doc. No. 31] is GRANTED. The Clerk is directed to seal Exhibits D,E,F,H and I attached to Plaintiff's Reply Memorandum in Support of Motion for Leave to Amend [Doc. No. 30].

**SO ORDERED**.

Signed: August 14, 2013

Graham C. Mullen
United States District Judge